## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

OPEN TEXT INC.,

        Plaintiff,

v.

IPBOUTIQUE, INC.,

        Defendant.

C.A. No. _____

## COMPLAINT FOR DAMAGES

Plaintiff, Open Text Inc. ("Open Text"), by and through its attorneys, for its Complaint against Defendant, IPBoutique, Inc. ("IPB"), states as follows:

## NATURE OF THE ACTION

1. This is an action for damages arising from IPB's breach of the parties' written agreement. In August 2020, the parties executed a Service Order ("Service Order") with a 60-month term. The Service Order expressly incorporates by reference Open Text's General Terms and Conditions ("GTC") and Acceptable Use Policy ("AUP", and together with the Service Order and the GTC, the "Agreement").[1]

2. Under the Service Order, Open Text agreed to provide IPB with access to Open Text's proprietary software relating to email notifications to third parties. IPB utilized Open Text's software to allow IPB's customers to distribute marketing emails.

---

[1] The Service Order is attached as Exhibit 1. The GTC is attached as Exhibit 2. The AUP is attached as Exhibit 3.

3. In or about April 2021, Open Text discovered that IPB was utilizing Open Text's software to distribute mass spam emails, which constituted a violation of the Agreement, and Open Text notified IPB of same.

4. Open Text thereafter attempted to work with IPB to resolve IPB's violation of the Agreement. Notwithstanding those efforts, it became apparent to Open Text that IPB was engaged in a pattern of conduct designed to *avoid* compliance with the terms and conditions of the Agreement, and more specifically, the AUP, as well as to avoid detection of such non-compliance.

5. In September 2021, Open Text terminated the Service Order and invoiced IPB for balance of the "Minimum Commitment" due and owing under thereunder, which IPB has failed and refused to pay.

6. Open Text thus seeks compensatory damages from IPB in an amount not less than $634,476, plus interest, costs, and attorneys' fees as provided for in Section 9.4 of the GTC.

## PARTIES

7. Open Text is a Delaware corporation with its principal place of business in Menlo Park, California. Open Text is a leading provider of Enterprise Information Management software products which enable businesses to grow, while lowering operational costs and reducing information governance and security risks by improving business insight, impact, and process speed.

8. IPB is a New York corporation with its principal place of business in Brooklyn, New York. IPB is a sophisticated technology service provider that has been in existence for nearly eight years and purports to provide customers with assistance handling leases, purchases, and sales of IPv4. IPB is associated with an international company, Genxlead, which has its principal place of business in Chennai, India. Genxlead specializes in offering email marketing, digital marketing, ecommerce, and data technology services throughout the world.

**JURISDICTION AND VENUE**

9. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

10. This Court has personal jurisdiction over IPB because pursuant to Section 14.4 of the GTC, Open Text and IPB consented to the exclusive jurisdiction the state or federal courts in the State of Delaware for any claim relating to the Agreement.  (*See* Exhibit 2.)

11. Venue is proper in this Court because the parties agreed, pursuant to Section 14.4 of the GTC, that the state or federal courts of the State of Delaware shall have exclusive jurisdiction for any claim relating to the Agreement.  (*See* Exhibit 2.)

**GENERAL ALLEGATIONS**

**I.  IPB A**GREED TO **A**LL **T**ERMS AND **C**ONDITIONS OF THE **A**GREEMENT.

12. On or about February 26, 2020, IPB entered into its first service order ("February 2020 Service Order") with Open Text, which provided for an Initial Term of twelve (12) months and a Minimum Commitment of $50,000.00 per year.[2]

13. Approximately six months later, IPB, having determined that it was sufficiently satisfied with the terms, conditions, and performance of Open Text's software under the February 2020 Service Order, elected to enter into a new service order with Open Text.

14. On or about August 20, 2020, the parties entered into the Service Order, which included an Initial Term of sixty months and a Minimum Commitment of $160,000.00 per year. (*See* Exhibit 1.)

---

[2] The February 2020 Service Order is attached as Exhibit 4.

15. Pursuant to the Service Order, IPB agreed to meet the Minimum Commitment for each year of the Initial Term. (*Id.* § 3.)

16. Under the GTC, IPB's obligation to pay fees specified in the Service Order, including the Minimum Commitment, survived any termination of the Agreement. (*See* Exhibit 2 §§ 8.3, 9.)

17. The Service Order included more favorable pricing, and a more substantial volume discount, than IPB received under the February 2020 Service Order, and IPB agreed to commit to a longer term and to a greater Minimum Commitment.

18. The conspicuous and comprehensive terms and conditions of the Agreement were otherwise substantially similar to those of the February 2020 Service Order.

19. In order to protect Open Text's business reputation and the utility of its software for all of its customers, IPB agreed to adhere to all terms and conditions of the Agreement, including those provisions of the AUP relating to "Unacceptable Conduct". (*See* Exhibit 3 § 3.)

## II. DESPITE ITS CONTRACTUAL OBLIGATIONS AND VARIOUS WARNINGS FROM OPEN TEXT, IPB REPEATEDLY VIOLATED THE TERMS AND CONDITIONS OF THE AGREEMENT.

20. In or about April 2021, Open Text discovered that IPB was utilizing Open Text's software to transmit spam emails and was engaging in certain practices seemingly designed to evade detection of same, in violation of Section 3.14 of the AUP and Section 4.3 of the GTC.

21. IPB's conduct in violation of the Agreement included, but was not limited to, using: (a) deceptive subject lines and/or headers in emails; (b) misspelled content to deceive spam filters; (c) images in place of text; and (d) throw-away domain names.

22. Open Text warned IPB that its improper actions violated the terms and conditions of the Agreement and that IPB needed to bring its business practices into compliance with the terms and conditions of the Agreement.

23. In order to assist IPB, Open Text scheduled periodic conference calls with IPB to discuss potential solutions to address IPB's business practices that were contrary to the Agreement.

24. Despite Open Text's good faith efforts, IPB continued to engage in a pattern of conduct that was designed to avoid compliance with the terms and conditions of the Agreement, and also designed to avoid detection as being violative of the Agreement.

25. On or about September 22, 2021, Open Text exercised its right of termination under Section 5 of the AUP and Section 8 of the GTC based upon IPB's material breach of the Agreement.[3]

26. IPB was not entitled to notice and an opportunity to cure its violations of the AUP and GTC. Even if IPB was entitled to such notice and opportunity, it was effectively provided same, and in any event, providing notice and an opportunity to cure would have been – and in fact, was – futile given the nature of IPB's business practices.

27. As a consequence of IPB's material breach of the Agreement, which is a valid and enforceable contract, Open Text is entitled to compensatory damages in the amount of $634,476, plus interest, costs, and attorneys' fees pursuant to Section 9.4 of the GTC.

## COUNT I
## BREACH OF CONTRACT

28. Open Text incorporates the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. On or about August 20, 2020, Open Text and IPB entered into a valid and legally-binding contract – *i.e.*, the Agreement.

30. Pursuant to the Agreement, Open Text promised to provide IPB with access to and use of Open Text's proprietary software for email notifications.

---

[3] Open Text's termination letter to IPB is attached as Exhibit 5.

31. Pursuant to the Agreement, IPB promised to: <u>(a)</u> compensate Open Text at the designated rates in the Service Order; <u>(b)</u> meet the Minimum Commitment of $160,000.00 per year for the Initial Term of sixty months; and <u>(c)</u> adhere to all terms and conditions of the Agreement.

32. Open Text fully performed all of its obligations under the Agreement, except for any such obligations (if any) which Open Text was excused from performing by operation of law, fact, or circumstance.

33. IPB repeatedly breached the Agreement by violating the terms and conditions of the GTC and AUP.

34. Following Open Text's termination of the Agreement, Open Text demanded that IPB pay the balance of the Minimum Commitment due and owing, but IPB has failed and refused to pay such amount.

35. As a direct and proximate result of IPB's material breach of the Agreement, Open Text has been damaged in the amount of $634,476, plus interests and costs, due to IPB's failure to failure and refusal to the Minimum Commitment.

36. In addition, Open Text is entitled to recover its reasonable attorneys' fees pursuant to Section 9.4 of the GTC.

**PRAYER FOR RELIEF**

WHEREFORE, Open Text respectfully requests the following relief:

(a<u>)</u>   judgment against IPB for compensatory damages in the amount of $634,476, plus pre-judgment and post-judgment interest thereon at the highest rate permitted by law;

(b)   judgment against IPB for Open Text's reasonable attorneys' fees in an amount to

be proven at the conclusion of this case;

(c) judgment against IPB for Open Text's costs of suit; and

(d) any and all other relief that the Court deems just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>VEDDER PRICE P.C.<br>James V. Garvey (*pro hac vice* application forthcoming)<br>Jason B. Sobelman (*pro hac vice* application forthcoming)<br>222 North LaSalle Street<br>Chicago, Illinois 60601<br>Telephone:  (312) 609 7500<br>jgarvey@vedderprice.com<br>jsobelman@vedderprice.com<br><br>Dated:  July 27, 2022 | POTTER ANDERSON & CORROON LLP<br><br>By: */s/ Jesse L. Noa*<br>  Jesse L. Noa (#5973)<br>  Carlson R. Bartlett (#6750)<br>  Hercules Plaza, 6th Floor<br>  1313 North Market Street<br>  Wilmington, DE  19899<br>  Telephone:  (302) 984-6000<br>  jnoa@potteranderson.com<br>  cbartlett@potteranderson.com<br><br>*Attorneys for Plaintiff Open Text Inc.* |