IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OPEN TEXT INC.,

                Plaintiff,

          v.

IPBOUTIQUE, INC.,

              Defendant.

Civil Action No. 22-984-GBW

---

Jesse Leon Noa, Elizabeth Schlecker, POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware; James V. Garvey, Jason B. Sobelman, VEDDER PRICE P.C., Chicago, Illinois.

     *Counsel for Plaintiff*

Jeffrey J. Lyons, BAKER & HOSTETLER LLP, Wilmington, Delaware; Maximillian S. Shifrin, BAKER & HOSTETLER LLP, New York, New York.

     *Counsel for Defendant*

## MEMORANDUM ORDER

March 7, 2023
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

For the reasons set forth below, the Court denies Defendant's Motion (D.I. 11).

1.      Plaintiff Open Text, Inc. ("Plaintiff" or "Open Text") filed this action against Defendant IPBoutique, Inc. ("Defendant" or "IPB") to obtain monetary compensation based on IPB's alleged breach of contract.  IPB now moves to dismiss Plaintiff's Complaint (the "Complaint") for failure to state a claim on which relief can be granted, under Rule 12(b)(6) and, in the alternative, moves for summary judgment under Rule 12(d) (the "Motion").  D.I. 11; D.I. 12 at 1.

2.      Plaintiff and IPB entered into a written agreement ("Agreement") in August 2020, which consists of a service order ("Service Order") that incorporates by reference Open Text's General Terms and Conditions ("GTC") and Acceptable Use Policy ("AUP").  D.I. 1 ¶ 1.

3.      The Service Order included an Initial Term of sixty months and a Minimum Commitment of $160,000.00 per year.  D.I. 1 ¶ 14, Ex. 1 at 1.  IPB agreed to meet the Minimum Commitment for each year of the Initial Term.  D.I. 1 ¶ 15, Ex. 1 § 3.  Under the GTC, IPB's obligation to pay fees specified in the Service Order, including the Minimum Commitment, survived termination of the Agreement.  D.I. 1 ¶ 16, Ex. 2 §§ 8.3, 9.

4.      Under the Service Order, IPB had access to Plaintiff's proprietary software relating to email notifications to third parties and IPB used this software to allow their customers to distribute marketing emails.  D.I. 1 ¶ 2.  In or around April 2021, Plaintiff learned that IPB was utilizing Plaintiff's software to distribute mass spam emails, in violation of the Agreement.  D.I. 1 ¶ 3.  Plaintiff notified IPB of the violation and sought to remedy the violation.  D.I. 1 ¶¶ 3,

4, 22. Plaintiff learned that IPB was engaged in conduct designed to avoid compliance with the terms and the conditions of the Agreement and, more specifically, the AUP, as well as avoid detection of non-compliance. D.I. 1 ¶¶ 4, 20-22, 24. In September 2021, Plaintiff terminated the Service Order and invoiced IPB for balance of the Minimum Commitment. D.I. 1 ¶¶ 5, 25. IPB has failed to pay this invoice. D.I. 1 ¶ 5.

5.      Open Text is a Delaware corporation with its principal place of business in Menlo Park, California that provides "Enterprise Information Management software products which enable businesses to grow, while lowering operational costs and reducing information governance and security risks by improving business insight, impact, and process speed." D.I. 1 ¶ 7.

6.      IPB is a New York corporation with its principal place of business in Brooklyn, New York. D.I. 1 ¶ 8. IPB is a technology service provider that "provide[s] customers with assistance handling leases, purchases, and sales of IPv4." *Id.*

7.      Plaintiff filed their Complaint on July 27, 2022. D.I. 1. IPB filed a Stipulation and Proposed Order to Extend Time to answer, move, or otherwise respond to the Complaint to October 26, 2022. D.I. 8. This Court entered the Order on September 19, 2022. On October 26, 2022, IPB filed this Motion.

8.      To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). The Court disregards "'legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)). The court may consider matters of public record and documents "integral to or explicitly relied upon in" the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (cleaned up); *see also Nekrilov v. City of Jersey City*, 45 F.4th 662, 675 n.7 (3d Cir. 2022) (similar).

9.     At the motion to dismiss stage, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 804 F.3d 633, 638 (3d Cir. 2015) (citation omitted). "'A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *Havens v. Mobex Network Servs., LLC*, 820 F.3d 80, 87 n.12 (3d Cir. 2016) (quoting *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)).

10.     For the reasons below, the Court finds that Plaintiff adequately alleges breach of contract claim with particularity.

11.     Plaintiff must state their claim "with particularity." Fed. R. Civ. P. 9(b). Thus, Plaintiff must allege "the who, what, when, where, and how of the events at issue." *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019) (internal quotation marks and citation omitted). Even "where the factual information is peculiarly within the defendant's knowledge or control[,] . . . boilerplate and conclusory allegations will not suffice. Plaintiff must

accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *Burlington Coat Factory*, 114 F.3d at 1418.

12.     In this case, Plaintiff asserts a claim for breach of contract and seeks damages of $634,476 plus interests and costs. D.I. 1 ¶ 35. Plaintiff's basis for their claim is that, following the termination of the Agreement, IPB failed to pay the mandatory Minimum Commitment fine. D.I. 1 ¶ 34. Additionally, Plaintiff asserts that (1) Plaintiff did notify IPB of their violations and (2) IPB was not entitled to notice and an opportunity for cure for the specific violations under the Agreement. *See* D.I. 1 ¶¶ 22, 26.

13.     Defendant filed the Motion, arguing that Plaintiff does not have a valid claim because Plaintiff themselves failed to abide by the notice and cure provision in the Agreement, and thus Plaintiff does not have a claim upon which they can recover. D.I. 12 at 1-2. IPB cites to the following language in the Service Order: "[e]ither party may terminate this Service Order at any time in the event that the other party breaches any provisions of this Service Order in any material respect and fails to cure such breach *within thirty (30) days after receipt of written notice of such breach*." D.I. 12 at 3 (emphasis added). In essence, IPB's argument is one of inadequate notice. IPB also attaches extraneous materials to their Opening Brief as evidence of improper notice under the Agreement. *See* D.I. 12 at 6-11; D.I. 13; D.I. 14.

14.     However, "[i]n evaluating a motion to dismiss, the Court should not consider extraneous materials, but should only consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record." *Acosta v. DeVilbiss Landscape Architects, Inc.*, No. CV 17-354 (MN), 2018 WL 5033757, at \*2 (D. Del. Oct. 17, 2018) (citing *Schmidt*, 770 F.3d at 249). Therefore, the Court will not consider the supplementary exhibits and correspondence provided by IPB in making its determination.

4

15. "The Court concludes that the adequacy of notice cannot be resolved under the standard of Fed. R. Civ. P. 12(b)(6)." *Rupert v. Range Res. - Appalachia, LLC*, No. CV 21-1281, 2022 WL 1689510, at \*8 (W.D. Pa. May 26, 2022). *See also Brusamonti v. XTO Energy Inc.*, No. CV 20-652, 2021 WL 2209120 (W.D. Pa. June 1, 2021) (notice is a question for summary judgment); *Optical Air Data Sys., LLC v. L-3 Commc'ns Corp.*, No. N17C-05-619 EMD CCLD, 2019 WL 328429, at \*4 (Del. Super. Ct. Jan. 23, 2019) (finding question of fact as to whether party could cure default under terms of agreement).

16. Turning to IPB's alternative motion for relief under summary judgment, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact is one that could lead a reasonable jury to find in favor of the nonmoving party." *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020) (citation omitted). "The court must review the record as a whole, draw all reasonable inferences in favor of the nonmoving party, and must not 'weigh the evidence or make credibility determinations.'" *Id.* (citation omitted). The Court must enter summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [its] case, and on which [the non-moving] party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (quoting *Celotex*, 477 U.S. at 322).

17. IPB requests the Court to consider documents beyond the Complaint. It is generally not the practice of this Court to decide case dispositive motions without agreement

between the parties and without prior approval from this Court. *See* form Scheduling Order of Judge Williams - Non-Patent (Bench Trial) at ¶ 6 ("Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in cases proceeding to a bench trial."). Here, there is no agreement and no prior approval. A jury trial has not been demanded. *See* D.I. 1.

18.     Furthermore, this Court reviewed the briefing for this Motion and agrees with Plaintiff that there are genuine issues of material facts regarding whether proper notice under the Agreement was (1) required, and (2) provided by Plaintiff, as well as if there would be futility of notice. D.I. 16 at 17-21. For these reasons, this Court will deny IPB's alternative motion for relief under summary judgment as premature.

Therefore, at Wilmington this 7th day of March, 2023, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim and, In the Alternative, Motion for Summary Judgment (D.I. 11) (the "Motion") is **DENIED**. **IT IS ALSO HEREBY ORDERED** that, not later than thirty (30) days from the date of this Memorandum Order, the parties shall meet and confer and file a joint proposed Scheduling Order in this action consistent with the applicable form Scheduling Order of Judge Williams, which is posted at http://www/ded/uscourts.gov (*See* Chambers, Judge Williams, Forms), along with a cover letter requesting the Court to enter the joint proposed Scheduling Order (if there are no disputes or other issues concerning scheduling that the Court needs to address) or to schedule the Scheduling Conference. If there are disputes or other issues the Court needs to address in the joint proposed Scheduling Order, in the cover letter, the parties shall direct the Court to the paragraph numbers in the joint proposed Scheduling Order which those appear.